```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

Rockies Express Pipeline, LLC,

    Plaintiff,

  v.                                Case No. 2:07-cv-982
                                         JUDGE GRAHAM

Louis Billings, Jr., et al.,

    Defendants.

## ORDER

    This matter is before the court on Plaintiff Rockies Express Pipeline's motion for a temporary restraining order and preliminary injunction.  The court held an evidentiary hearing on Plaintiff's motion to prevent Defendant landowners, the Billingses, the Burchfields, and the Scothorns, from interfering with the surveying, appraising, and conducting of other examinations on Defendants' property.  Plaintiff contends that these examinations are necessary to its completion of a 1,679 mile natural gas pipeline system that will extend from Rio Blanco County, Colorado to Monroe, County, Ohio.

    Plaintiff asserts that it must enter onto Defendants' property to complete various surveys, including but not limited to civil, archeological, and environmental surveys, in order to obtain final approval from the Federal Energy Regulatory Commission ("FERC") for its project, as well as to plan the construction process.  The surveys will enable Plaintiff to finalize the route of the REX East pipeline for submission to FERC for approval.  To date, Plaintiff has received permission from landowners to survey more than 94% of the tracts of land along the proposed pipeline route in Ohio.  At the time of the filing of the motion presently before the court,

the Defendants refused to grant Plaintiff access or permission to enter their properties.[1] For the reasons articulated below, Plaintiff's motion for a temporary restraining order and preliminary injunction is granted.

### **Standard of Review**

In deciding whether to issue a temporary restraining order or a preliminary injunction, the court must consider the following factors: (1) whether the movant has shown a strong or substantial likelihood of success on the merits; (2) whether the movant has demonstrated irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest is served by the issuance of an injunction. Rock & Roll Hall of Fame v. Gentile Prods., 134 F.3d 749, 753 (6th Cir. 1998); Goodman v. Money, 180 F. Supp. 2d 946, 947 (N.D. Ohio 2001); Worthy v. Michigan, 142 F. Supp. 2d 806, 809 (E.D. Mich. 2000). These considerations are "factors to be balanced, not prerequisites that must be met." In re DeLorean Motor Co., 755 F.2d 1223, 1229 (6th Cir. 1985).

Although the four factors are to be balanced in determining whether a temporary restraining order should issue, courts have recognized that the first factor is traditionally of greater importance than the remaining three. See Roth v. Bank of the Commonwealth, 583 F.2d 527, 537 (6th Cir. 1978). Thus, the Sixth Circuit has held that when the proponent of the injunctive relief has no chance of success on the merits of the claim, the motion may be dismissed without considering the other three factors. See

---

[1] At the hearing, Mr. Burchfield and counsel for Plaintiff both represented to the court that Plaintiff agreed to dismiss the Burchfields from this action in exchange for the Burchfields's agreement to allow Plaintiff access to their property.

Michigan State AFL-CIO v. Miller, 103 F.3d 1240, 1249 (6th Cir. 1997); Sandison v. Michigan High School Athletic Assoc., 64 F.3d 1026, 1037 (6th Cir. 1995). The complaint or motion of the party seeking relief must identify specific facts and reasons demonstrating the existence and extent of the immediate injury and why it is irreparable. City of Parma v. Levi, 536 F.2d 133, 135 (6th Cir. 1976).

## Analysis

The Ohio Revised Code provides that "[a]ny agency may, upon the notice prescribed in this section . . . enter upon any lands, waters, and premises for the purpose of making such surveys, soundings, drillings, appraisals, and examinations as are necessary or proper for the purpose of the agency . . . and such an entry shall not constitute a trespass." Ohio Rev. Code § 163.03. The agency may be public or private. See id. § 163.01(C). A private agency is defined by statute as "any corporation, firm, partnership, voluntary association, joint-stock association, or company that is not a public agency and that is authorized by law to appropriate property in the courts of this state." Id. § 163.01(B). Under Ohio law, companies which are organized for the purpose of transporting natural or artificial gas through tubing or pipes are authorized to "enter upon any private land to examine or survey lines for its tubing, pipes, conduits . . . and [to] appropriate so much of the land, or any right or interest therein, as is deemed necessary for the laying down or building of such tubing, conduits, pipes . . . ." Id. § 1723.01. The court finds that Plaintiff meets the statutory definition of an agency

3

authorized to enter Defendants' properties to conduct its surveys and examinations.[2]

An agency that seeks entry onto real property pursuant to § 163.03 must, however, provide notice of the proposed entry "to the owner or the person in possession by such means as are reasonably available not less than forty-eight hours nor more than thirty days prior to the date of such entry." Ohio Rev. Code § 163.03. Plaintiff sent Defendants letters on August 13, 2007, and August 15, 2007.[3] The letters expressly set forth Ohio Rev. Code § 163.03 and stated that: "It is the goal of REX to maintain amicable, working relationships with all landowners, without resorting to enforcing our legal rights, such as those afforded REX under Ohio Revised Code § 163.03, in a court of law. A REX representative will be contacting you in the next few days to arrange a mutually agreeable time to conduct the surveys." Pl.'s Letter to Def. Scothorn, Aug. 13, 2007, at 1-2. Defendants argue that Plaintiff failed to comply with the notice requirement because the correspondence Plaintiff sent to Defendants requested "permission" to survey their properties at a mutually convenient time, but did not provide a specific date. Defendants contend that Plaintiff did not need to obtain their permission to enter onto their properties, and that this letter, consequently, did not comply with the notice

---

[2] Counsel for Defendants Scothorns and Billingses argue that Plaintiff lacks any authorization to appropriate property for the proposed pipeline until it receives FERC approval, yet cites no Ohio authority for this proposition. This argument is not well taken. Indeed, there is no statutory requirement that a company organized for the purpose of transporting natural or artificial gas obtain FERC approval prior to accessing property to conduct surveys. See Ohio Rev. Code §§ 163.03, 1723.01.

[3] Defendants Burchfields did not receive a copy of the letter Plaintiff attempted to send to them because Plaintiff had an incorrect address. As the Burchfields will be dismissed, however, this is not material to the court's determination of Plaintiff's compliance with the statute's notice requirement.

4

requirements of the statute. Defendants' arguments are not well taken. Plaintiff provided Defendants with sufficient notice of its plans and intentions with regard to their properties. Requiring anything more than the steps Plaintiff has already undertaken would be an exercise in futility as Defendants denied Plaintiff permission, and made clear to the court that they object to the proposed pipeline being located on their properties. In light of the foregoing, the court finds that Plaintiff has demonstrated a substantial likelihood of success on the merits.

Plaintiff has also demonstrated that it will sustain irreparable injury if its motion is not granted. Delays in the surveying Plaintiff presently seeks to conduct will cause delays in Plaintiff's ability to conduct future surveys in Spring 2008. Those additional delays will preclude the completion of the remainder of Plaintiff's four billion dollar project to provide consumers with energy by the targeted date. Plaintiff also states that its inability to complete this project on schedule will result in loss of sales and business good will and will result in an inability to meet its customers' expectations and demands. Plaintiff has demonstrated that it will be irreparably harmed if its motion is not granted.

The court further finds that the granting of this temporary restraining order and preliminary injunction will not cause substantial harm to others. The surveys that Plaintiff wishes to conduct will cause minimal, if any, harm to Defendants' properties. Moreover, Ohio Rev. Code § 163.03 expressly provides a remedy if Defendants' properties are harmed. Section 163.03 states that the agency "shall make restitution or reimbursement for any actual

5

damage, resulting to such lands, waters, and premises and to improvements or personal property located in, on, along, over, or under such lands, waters, and premises, as a result of such activities." Ohio Rev. Code § 163.03. Additionally, if the parties are unable to agree upon restitution or other settlement, "damages are recoverable by civil action to which the state or agency hereby consents." Id. The granting of this motion, thus, will not cause substantial harm to others.

Finally, there can be little doubt that the public interest would be served by the issuance of this temporary restraining order and preliminary injunction. Plaintiff's project will assist in supplying energy to consumers in the midwest and eastern regions of the United States. Indeed, Plaintiff's pipeline will deliver 1.8 billion cubic feet of natural gas per day. The granting of this temporary restraining order and preliminary injunction will prohibit a few individual property owners from interfering with Plaintiff's statutory right under Ohio law to access and survey their property, thereby avoiding needless delay in the completion of a project which is in the public's interest.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for a temporary restraining order and preliminary injunction is hereby GRANTED. Defendants are preliminarily enjoined from interfering with the surveying, appraising, and conducting of other necessary examinations of Defendants' properties until final hearing hereof

on Thursday, December 13, 2007 at 10:00 a.m.  Bond is set at $10,000.

It is so ORDERED.

/s/ James L. Graham
JAMES L. GRAHAM
Senior United States District Judge

Date: October 23, 2007